# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE MARIE DERR { | |
| for M.J.D. (A Minor) { | |
|     Plaintiff { | |
| { | |
|     v. { | 1:09-CV-01952-JEJ-MEM |
| LEBANON COUNTY JUVENILE { | (HONORABLE J. E. JONES, III) |
| PROBATION DEPARTMENT and | (Electronically Filed |
| PROBATION OFFICER ANDRE DYER, { | |
|     Defendants { | |

Brief in Opposition To Defendants Motion to Dismiss

I Statement of Facts

1. Plaintiff filed a pro se complaint of October 9, 2009 on behalf of Plaintiff's son.

2. Defendants state "plaintiffs is generally unnumbered, free flowing, statement" which is offered exclusively as background information.

3. Defendants state "plaintiff generally asserts" that probation denied services to plaintiffs son, and plaintiff "alleges" a disability.

4. Defendant's state "plaintiffs' complaint more closely a legal brief with narrative discussion" in "unnumbered" paragraphs further alleging  "plaintiffs complaint is so vague and ambiguous" as to hinder the defendants from being able to reply.

5. Defendant state that plaintiffs have not provided specific violations of the Americans with Disabilities Act ("ADA") within the complaint.

6. Defendants state they are immune from suit due to some perceived 11th Amendment immunity.

7. Defendants state the plaintiff has no standing under ADA.

II Response to Statement of Questions Involved

A. Whether Defendants Lebanon County Juvenile Probation Office and Andre Dyer are immune from suit in this Court under the Eleventh Amendment since they are part of Pennsylvania's judicial system?

Suggested Answer: No

B. Whether the claims against Defendant Dyer should be dismissed since Defendant Dyer is entitled to quasi-judicial immunity and/or qualified immunity for his actions with Lebanon County Juvenile Probation Department?
Suggested Answer: No.
C. Whether the claims against Defendant Dyer should be dismissed since no cause of action exists against individuals under the ADA?
Suggested Answer: No.
D. Whether Plaintiff is estopped under the Rooker-Feldman doctrine from challenging the actions of placing Plaintiff's son at the Summit Academy for his juvenile adjudication since the Rooker-Feldman doctrine prevents a federal court from directly or indirectly reviewing a state court adjudication?
Suggested Answer:No.
E. Whether, in the alternative, Plaintiff should be required to file an Amended Pleading which complies with the applicable Rules of Civil Procedure.
Suggested Answer: No.

III Legal Discussion

Defendants have asserted Eleventh Amendment immunity. In general, the United States Supreme Court has held in certain cases that states do have immunity; however this immunity can be abrogated by a valid act of Congressional Authority. The question that remains then is whether Congress used its authority constitutionally under the Fourteenth Amendment. The Court held in Tennessee V Lane that Congress clearly abrogated States immunity under the ADA "The first question is easily answered here, since the ADA specifically provides for abrogation. See §12202." The Court then needed to decide whether the ADA was a valid exercise of Congressional Authority. Clearly, the Court held it was indeed a valid exercise "Title II is an appropriate response to this history and pattern of unequal treatment. Unquestionably, it is valid §5 legislation as it applies to the class of cases implicating the accessibility of judicial services. Congress' chosen remedy for the pattern of exclusion and discrimination at issue, Title II's requirement of program accessibility, is congruent and proportional to its object of enforcing the right of access to the courts." Clearly the answer to the defendants' assertions of immunity is NO and is supported in the Courts Decision. Defendants have suggested that the State is the real party of interest and in previous briefs filed by Plaintiffs and previous evidence submitted clearly shows that the State has asserted the County probation department was clearly not acting as an arm of the state. Indeed, the State Attorney General's Office has clearly stated this is a matter between the County and the Plaintiffs in a Federal Jurisdiction.

Defendants have implied that Plaintiffs are seeking "compensatory monetary" damages, and this is clearly a misconception by the defendants. While the Court may impose punitive damages, plaintiffs are seeking damages in an alternative measure forcing full compliance with the ADA.

Clearly, the ADA does provide for damages in these cases including monetary and punitive damages, however, there is a clear interest from the plaintiffs to establish full compliance with the ADA in the county and specifically with the access to judicial services. If at the conclusion of all testimony and evidence the Court would hold that the defendants have in fact violated the ADA, the plaintiffs fully expect full compliance with the ADA and costs incurred by the honorable Court as well as any punitive damages the court deems appropriate. Accordingly, Plaintiff's claims against Defendants Lebanon County Juvenile Probation Office and Dyer should not be dismissed since they are not entitled to immunity.

Probation Officer Dyer is asserting "quasi-judicial" immunity. Plaintiffs reject this assertion for a number of reasons. First, Dyer has clearly established that of his own discretion without order of the Court he removed MJD from his class and school activities without providing services such as psychiatric services and school services within the Lebanon City School District. Clearly acting of his own discretion waived any immunity that may have been asserted while acting in an "official capacity". Second the Supreme Court concurred with the Congress in that there was clearly a need for action regarding disability discrimination.  The Court stated " Title II is an appropriate response to this history and pattern of unequal treatment. Unquestionably, it is valid §5 legislation as it applies to the class of cases implicating the accessibility of judicial services. Congress' chosen remedy for the pattern of exclusion and discrimination at issue, Title II's requirement of program accessibility, is congruent and proportional to its object of enforcing the right of access to the courts." Finally the ADA does include the specific wording regarding access to said services as noted by the Court  "Title II, §§12131—12134, prohibits any public entity from discriminating against "qualified" persons with disabilities in the provision or operation of public services, programs, or activities. The Act defines the term "public entity" to include state and local governments, as well as their agencies and instrumentalities." Clearly, Dyer was acting as an instrumentality of Probation and at the very least is uneducated in regards to the ADA or at most possibly performing downright acts of Discrimination by not implementing the services listed on the previous Web Site of the Lebanon County Juvenile Probation Department. . Accordingly, the claims against Defendant Dyer should not be dismissed.

Clearly, Defendant Dyer as a probation officer is acting as an instrumentality of a local government (Lebanon County Juvenile Probation). Clearly Defendant Dyer acted as an instrumentality and was vital in the act of Discrimination that is clearly pervasive throughout the County and specifically within the Probation Office. Accordingly, the claims against Defendant Dyer should not be dismissed.

Defendants assert the Rooker Feldman doctrine as having some precedence in this case. Clearly this is not relevant in this case. . The history of the Doctrine is that a lower United States Federal court cannot sit in direct appeal of a state court decision unless authorized by Congress. Clearly it is the intention of the Congress that the violation of the ADA shall be in the Federal jurisdiction. The Court in this case can meet a three prong test in that Congress placed ADA claims in the jurisdiction of the Federal Courts, the Court needs to maintain the lawful jurisdiction based on the ADA claim and the Court clearly will effectuate and protect its judgments based on claims raised in this case.

the defendants state that plaintiffs claim is not clear in the basis of law nor does plaintiff assert their damages. Clearly plaintiffs complaint specifically cites the ADA in that failing to provide access to a judicial service as listed on Departments website has been so well cited throughout plaintiffs previous briefs that their citation can be dispensed with. Plaintiffs remedies are clear in that plaintiffs seek provision of said services to disabled individuals that would be provided to non disabled individuals, a method for filing a complaint including the appropriate name, business address and phone number of the person that handles ADA complaints, and appropriate training of the probation officers in understanding the ADA in the function of their job as well as court costs incurred by the honorable court and punitive damages the court may deem essential. Plaintiff has also provided the need of the community to understand what services are offered and full restoration of the services listed be provided on the website.  Clearly, if the Court deems that the Department failed to protect the rights of the plaintiff, the court should then concur that the equal protection clause of the Constitution has been violated and the plaintiffs then seek a Writ of Habeas to preserve the Constitutional right of the plaintiff. This may become a moot issue as plaintiff may in fact be released on March 22nd, in a matter before the Commonwealth court. However, plaintiffs are very specific in their requests for full compliance with the ADA and this compliance is for the good of disabled people in the County.

Finally, the defendants have stated that the plaintiffs have not followed exact procedures of the Federal court. Perhaps that is true, however plaintiffs do not have a substantial legal training and so while the forms may not be exact, the plaintiffs do attempt to follow the rules of the court and the rules of civil procedure, although sometimes may make mistakes. However, these mistakes should not detract from the legal issue at hand of whether the Department is excused from following the law. The answer to this is that the Department is subject to the ADA and should be in full compliance.

IV
Conclusion
For the forgoing reasons, Plaintiffs Grace Marie Derr for MJD respectfully requests that this Honorable Court deny the Motion to Dismiss Plaintiff's Complaint.

Respectfully Submitted,

Grace Marie Derr for MJD

I Grace M. Derr hereby certify that a copy of the forgoing brief has been sent to defendants attorney via first class mail mailed on March 4, 2010 to Thomas, Thomas and Hafer.

I certify that the word count for the forgoing brief is 1635.