UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FOR PENNSYLVANIA

**GRACE MARIE DERR**           }
                               }
V                              } 1:09- CV – 1952
                               } (JEJ/MEM)
**LEBANON COUNTY JUVENILE**    }
**PROBATION ET AL**            }

**Reply Brief**

The Lebanon County Juvenile Probation Department Website (Document 1 page 12) clearly states "The Lebanon County Juvenile Probation Department attempts to achieve these goals using programs of supervision." The site then went on to list the programs, "Programs include: Community Service, restitution, prison tour, school based probation, mental health evaluation\treatment" among other programs offered by the Department.

Defendant Dyer (Document 36=2) states "The plaintiffs parents failed to take their son to services ordered by the court of recommended by me." Clearly, the Probation Officer either erred or committed the act of downright perjury in his statement in that plaintiff has attached email (Document 1 page 17 -18) from the Lebanon School where the discussion of the IEP requested by parent of MJD was in fact being implemented, as well as the letter from Lebanon County MH/MR((Document 1 page 19) which clearly indicates Probation did not initiate services as these were services sought by plaintiffs, "these were not the services you" were seeking.

Clearly another area where Defendant Dyer erred or downright committed the act of perjury would be Document 36-2 page 4 paragraphs 18 of Dyer Statement as the evaluation provided by MH\MR occurred in late August and was provided after more than a year on the waiting list for the evaluation for MJD. The reason the wait was so long was because parents had no other outside services involved like Youth and Family Services or Juvenile Probation. Clearly, plaintiffs have provided documentation of services being implemented prior to when Dyer states of September 24. 2009.

Defendant Dyer stated that Probation does not provide services including Drug and Alcohol evaluation which is clearly contrary to services listed on their website. Dyer stated he recommended these services and in fact he did through his own admission (Exhibit D), however recommending and referring are not one in the same thing. Dyer listed he recommended the service and the service is clearly listed on the website, however, plaintiffs note for the Court that there is not one referral made.

Dyer stated that probation can only make referrals yet not one referral was made and Dyer nor Probation has provided the Plaintiffs or the Honorable Court evidence to the Contrary. Clearly, this is a failure of the Probation Department to make available services to individuals with disabilities as would be made available to individuals without disabilities.

Defendant Dyer has also stated charges for additional Acts that occurred prior to be placed on "official probation" can now be "probation violations". Clearly the Supreme Court ruled this as a violation of ex post facto clause of the Constitution. In Youngblood v Collins (497 USC 37) the Court stated "(a) The definition of an *ex post-facto* law as one that (1) punishes as a crime an act previously committed, which was innocent when done, (2) makes more burdensome the punishment for a crime, after its commission." Clearly defendants have admitted violation of ex post facto with their statement.

Finally, defendant Dyer admitted he did provide services to other clients and states the services were referenced by some verbal referral. Plaintiffs clearly dismiss this as false. No referrals were made to any entity even after Dyer and probation concluded that some referrals were appropriate. Defendants "Plaintiff's Minor and his parents were referred to various agencies by Defendant Dyer" However, Dyer in fact has failed to provide one document showing one referral. One would be the Drug and alcohol referral. This lack of referral by probation or Dyer did not prevent MJD from complying with the Court of Common Pleas and self referring in September (when it became evident probation had no intention of providing a referral) to Renaissances in Lebanon, PA. Dyer has provided nothing more than blankets denials of guilt and open admissions of Constitutional Violations including ex post facto violation.

Additionally, the Defendants state "Plaintiff claims that Defendant has not complied with 28 C.F.R. §35.107(a), which states that a public entity shall designate an employee to coordinate its efforts to comply with and carry out its responsibilities under Title II of ADA" and failure to cite appropriate Court cases, plaintiffs point to settlement agreements established before the conclusions of litigation including United States and Unified Government of Wyandotte County and Kansas City Kansas, United States and City of Santa Rosa California, among other such settlement cases. Clearly the Court in Olmstead v L.C. Justice Ginsberg stated "Undue institutionalization qualifies as discrimination "by reason of … disability." The Department of Justice has consistently advocated that it does. Because the Department is the agency directed by Congress to issue Title II regulations, its views warrant respect. This Court need not inquire whether the degree of deference described in *Chevron U.S. A. Inc.* v. *Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, is in order; the well-reasoned views of the agencies implementing a statute constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." Following the reasoning of the Court and the settlement agreements here in listed the Department of Justice does have the experience the Court and litigants can resort to for guidance.

For the reasons herein listed and the other reasons listed in Motion for Summary Judgment plaintiff requests defendants Motion to Dismiss and Plaintiffs Motion for Summary Judgment be granted.

Respectfully Submitted,
Grace M. Derr For MJD
Pro Se Plaintiffs
34 W. 5th St.
Mount Carmel, Pa. 17851
gderr@student.peirce.edu

I Grace M. Derr respectfully submit the forgoing reply electronically and through the Pacer and ECF filing system a true and correct copy has been submitted to opposing counsel.

Respectfully Submitted,

                                                    Grace M. Derr For MJD
                                                  Pro Se Plaintiffs
                                                  34 W. 5th St.
                                                  Mount Carmel, Pa. 17851
                                                  gderr@student.peirce.edu