IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRACE MARIE DERR, | : | |
| for M.J.D., a minor, | : | 1:09-cv-1952 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| LEBANON COUNTY JUVENILE | : | |
| PROBATION DEPARTMENT, *et al.*,: | | |
| | : | |
| Defendants. | : | |

# **MEMORANDUM**

## **July 14, 2010**

### **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 40), filed on June 22, 2010, which recommends that Defendants' Motion to Dismiss (Doc. 27) be granted and that this case be dismissed. No objections to the R&R have been filed by either party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by July 9, 2010.

1

I.   STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II.   PROCEDURAL/FACTUAL BACKGROUND

Plaintiff Grace Marie Derr ("Plaintiff" or "Derr") brings this action on behalf of her son "MD," a minor. Plaintiff alleges that MD suffers from various mental disabilities, which led to his involvement in unlawful activities. MD was charged with criminal violations and was ultimately placed on probation. Plaintiff alleges

that when she and MD met with Defendant Dyer, a Lebanon County Probation Officer, Dyer assured Plaintiff and MD that he would receive a variety of counseling services during his probation. Eventually MD committed several probation violations which resulted in him being committed to Summit Academy, a juvenile detention center. Plaintiff alleges that MD's poor adjustment to probation was due to Lebanon County's failure to provide him with adequate counseling services while on probation.

Plaintiff claims that the Defendants violated Title II of the Americans with Disabilities Act ("ADA") because they failed to provide MD with mental health services that were offered by Lebanon County and that they failed to provide him with an ADA coordinator or grievance procedure. More specifically, Plaintiff asserts that (1) services that are available through the Lebanon County Juvenile Probation Department are only available to those without disabilities and (2) that no ADA coordinator, or information concerning a grievance procedure, is listed on Lebanon County's website. In the complaint, Plaintiff takes issue with Lebanon County's website and the apparent lack of information on the website.

Plaintiff seeks injunctive relief for these asserted ADA violations. In particular, Plaintiff moves this Court to (1) establish a practice of grievance procedures for any person to utilize in filing a complaint of discrimination on the

basis of disability in Lebanon County; and (2) make the ADA applicable to all services in Lebanon County.

On October 9, 2009, the Defendants filed a Motion to Dismiss. (Doc. 27). After full briefing on the Motion, Magistrate Judge Mannion issued the instant R&R, which is the subject of our review herein.

## III. DISCUSSION

Magistrate Judge Mannion correctly concludes that the Plaintiff does not have standing to pursue this matter and seek the injunctive relief requested in her complaint. Plaintiff herself states that her claim is for the "good" of all disabled people in Lebanon County, however Plaintiff does not purport, in any of her submissions, that the instant action is a class action. As noted by Magistrate Judge Mannion, while Plaintiff's attempt to seek "good" on the behalf of disabled citizens is noble, it is legally deficient. *See Doe v. Division and Youth and Family Services*, 148 F. Supp. 2d 462, 479-480 (D.N.J. 2001). Further, Magistrate Mannion notes, and we agree, that the relief sought by Plaintiff is prospective and does not remedy any current injury, inasmuch as MD is no longer under the supervision of Lebanon County Juvenile Probation.

As we have already mentioned, Plaintiff nor Defendants have filed objections to this R&R. Because we agree with the sound reasoning that led the

Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.

## IV. CONCLUSION

Accordingly, based on the foregoing, we shall adopt the R&R in its entirety, grant the Defendants' Motion to Dismiss, and close this case. An appropriate Order shall issue.